UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FARZAD OMARAIE                    )
                                  )
            Plaintiff,            )
                                  )    No. 06 C 1727
      v.                          )
                                  )    Judge George M. Marovich
A. ALLIANCE COLLECTION AGENCY,    )
INC.,                             )
                                  )
            Defendant.            )

## MEMORANDUM OPINION AND ORDER

Plaintiff Farzad Omaraie ("Omaraie") filed a complaint against defendant A. Alliance Collection Agency ("Alliance"). Omaraie claims that Alliance violated two sections of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Plaintiff and defendant have filed cross-motions for summary judgment as to liability on both of the alleged FDCPA violations. For the reasons set forth below, the Court denies plaintiff's motion for summary judgment, and the Court grants defendant's motion for summary judgment.

## I.    Background

Before the Court discusses the facts, it reiterates the importance of complying with Local Rule 56.1. Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces the rule strictly. *See Rawoof v. Texor Petroleum Co.*, Case No. 02 C 5892, 2006 WL 314516 at *2 (N.D. Ill. Feb.8, 2006); *see also Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). Facts that are argued but do not conform with the rule are not considered by the Court. Where one party supports a fact with admissible evidence and the other party fails to

controvert the fact with citation to admissible evidence, the Court deems the fact admitted.  *See*

*Rawoof* at *2.

The following facts are undisputed unless otherwise noted.

Defendant Alliance is a collection agency.  It collects debts originally owed to others.

On or about January 25, 2006, Alliance sent plaintiff Omaraie a collection letter.  This letter was

the initial correspondence between Alliance and Omaraie.  The letter stated as follows (boldface

in original):

> We represent Roger W. Stelk in connection with the captioned matter. . . .
>
> Please be advised the above debt has been referred to this office for institution of collection proceedings against you.  Collection proceedings will be instituted as soon as possible notwithstanding this notice.  We are attempting to collect a debt you owe the above named creditor [Roger Stelk] and any information we obtain will be used for that purpose.
>
> In accordance with the above Act, you are hereby notified of the following information:
>
> 1. The amount of debt: **$1,511.25**
> 2. Name of creditor to whom the debt is owed: **Roger W. Stelk**
> 3. Unless you, within thirty (30) days after the receipt of this Notice, dispute the validity of the debt, or any portion thereof, we will assume the debt is valid.
> 4. If you notify us in writing within thirty (30) days of the receipt of this Notice, we will provide you with the name and address of the original creditor if different from the current creditor.
>
> Upon receipt of this correspondence, please call to discuss an amiable resolution. **Please be advised this office claims a lien for fees plus costs related to this matter.**

Claiming that portions of this letter violate the FDCPA, Omaraie filed this suit against

Alliance.  Plaintiff has not revealed any expert witness or consumer survey data that he intends

to use at trial to support his allegations.  The parties have now filed cross-motions for summary

judgment.

## II. Summary Judgment Standard

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III. Discussion

Congress passed the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Omaraie alleges Alliance's January 25, 2006 collection letter violates two provisions of the FDCPA: § 1692g and § 1692e. The parties have filed cross-motions for summary judgment as to both violations.

### A. The Alleged § 1692g Violation

Section 1692g of the FDCPA provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following

- 3 -

information is contained in the initial communication . . . send the consumer a
written notice containing—

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of
> the notice, disputes the validity of the debt, or any portion thereof, the debt
> will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing
> within the thirty-day period that the debt, or any portion thereof, is
> disputed, the debt collector will obtain verification of the debt or a copy of
> judgment against the consumer and a copy of such verification or
> judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the
> thirty-day period, the debt collector will provide the consumer with the
> name and address of the original creditor, if different from the current
> creditor.

15 U.S.C. § 1692g.  The thirty-day period provided for in § 1692g is referred to herein as

the "Validation Period," and the five-part notice is referred to as the "Validation Notice."

The Validation Notice must not only be present; it "must be presented in a nonconfusing

manner." *Sims v. GC Services L.P.*, 445 F.3d 959, 963 (7th Cir. 2006); *see also Bartlett v. Heibl*,

128 F.3d 497, 500 (7th Cir. 1997) ("[I]t is implicit that the debt collector may not defeat the

statute's purpose by making the required disclosures in a form or within a context in which they

are unlikely to be understood by the unsophisticated debtors who are the particular objects of the

statute's solicitude.")

This Circuit evaluates whether a collection letter violates the FDCPA from the standpoint

of the "unsophisticated consumer."  *See Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410,

414 (7th Cir. 2005).  The "unsophisticated consumer" is one who is "uninformed, naïve, or

trusting."  *Id.*  The unsophisticated consumer, however, "possess[es] rudimentary knowledge

about the financial world and is capable of making basic logical deductions and inferences."  *Id.*

(internal quotations and citations omitted).  Additionally, the standard is an objective one, which

means that courts need not give credence to "unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters." *Id.*

To prevail, a plaintiff must "show that the [allegedly FDCPA-violating] language of the letters unacceptably *increases* the level of confusion; many unsophisticated consumers would be confused even if the letters they received contained nothing more than a statement of the debt and the statutory notice." *Johnson v. Revenue Management Corporation*, 169 F.3d 1057, 1060 (7th Cir. 1999) (emphasis in original). "Under this standard . . . a collection letter cannot be confusing . . . unless a significant fraction of the population would be similarly misled." *Durkin*, 406 F. 3d at 415.

A judge may be able to determine that a significant fraction of the population would be confused by a collection letter by just looking at the letter. In those cases, it is not necessary for a plaintiff to supply evidence beyond the letter itself in order to prove that the letter is confusing. *Kort v. Diversified Collection Services, Inc.*, 270 F.Supp.2d, 1017, 1025 (N.D. Ill. 2003). A court may award a plaintiff summary judgment "when an FDCPA violation is 'clearly' evident on the face of a collection letter." *Durkin*, 406 F.3d at 415.

On the other hand, "when the letter itself does not plainly reveal that it would be confusing to a significant fraction of the population, the plaintiff must come forward with evidence beyond the letter and beyond his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial." *Id.* "[I]t is open to a plaintiff, in any but the clearest case, to present objective evidence of confusion, for example the results of a consumer survey." *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 575 (7th Cir. 2004); *see also Pettit v. Retrieval Masters Creditors Bureau, Inc.,* 211 F.3d 1057, 1061-62 (7th Cir. 2000); *Walker v. National Recovery, Inc.,* 200 F.3d 500, 502, 504 (7th Cir. 1999); *Johnson v. Revenue Management Corp.,* 169 F.3d 1057, 1060-61 (7th Cir. 1999). Besides a "carefully designed and

conducted consumer survey," the Seventh Circuit has "suggested that an appropriate expert witness might suffice" to create a genuine issue of material fact for trial on the issue of consumer confusion. *Durkin*, 460 F.3d at 415; *see also Pettit*, 211 F.3d at 1062. Thus, if this Court finds Alliance's collection letter would clearly or plainly confuse the unsophisticated consumer, Omaraie need not introduce extrinsic evidence and will be entitled to summary judgment. If, however, this Court does not find the letter clearly confusing to the unsophisticated consumer, Omaraie would have to introduce objective evidence of consumer confusion in such a form as consumer survey data or an expert witness.

The Court, then, turns to the letter at issue in this case. Here, the letter contains both (1) the required statement that Omaraie has 30 days to dispute the validity of the debt and (2) a statement that "[c]ollection proceedings will be instituted as soon as possible notwithstanding this notice." It is the second statement that the plaintiff argues is confusing.

It is important to understand, however, that the 30-day period is not a grace period. While the Validation Notice informs consumers that they have a thirty-day Validation Period in which to dispute the debt, the Validation Period:

> . . . is not a grace period: a debt collector is "perfectly free" to demand payment and pursue collection efforts, including an appropriate lawsuit against the debtor, within the validation period. Thus, during the validation period, the debtor's right to dispute coexists with the debt collector's right to collect. This coexistence has created a breeding ground for claims of unsophisticated-debtor confusion.

*Durkin*, 406 F.3d at 416. The mere fact, then, that the collection letter mentions actions that will be taken within those 30 days does not mean the letter is necessarily confusing.

Even though the Validation Period is not a grace period, a collection letter containing the Validation Notice can be clearly confusing so as to entitle a plaintiff to summary judgment on the letter alone if the letter goes so far as to demand payment within a time period that cannot possibly exceed the thirty day Validation Period. *See Bartlett*, 128 F.3d at 499 (letter clearly

confusing where it told letter recipient he would be sued if he did not pay within one week); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996) (summary judgment awarded to plaintiff on letters alone where letters stated "[i]f the above does not apply to you, we shall expect payment or arrangement for payment to be made within ten (10) days from the date of this letter" and either "[t]his will avoid additional proceedings by our firm" or "[i]f payment is not received, a civil suit may be initiated against you by the creditor for repayment of your loan."). A demand for action within thirty days juxtaposed with a statement that a debtor has thirty days to dispute the debt is "entirely inconsistent," leaving no possibility that the unsophisticated consumer would not be confused by such a letter. *See Matthews v. First Revenue Assurance, L.L.C.*, 2001 WL 864272 at *4 (N.D. Ill. July 31, 2001) (The letter at issue, "like the defendants' letter in *Bartlett*, asks the debtor to pay or arrange for payment on a day ('today') that is, without question within the 30-day period; not even the most tortured interpretation can extend 'today' beyond the 30-day period. As in *Avila*, [debt collector's] directive to submit payment or call today is 'entirely inconsistent' with the required validation notice."); *see also Avila*, 84 F.3d at 226. A collection letter that explicitly threatens a lawsuit within the Validation period without explaining how the right to sue within thirty days fits together with the debtor's right to request verification can also be clearly confusing so as to entitle a plaintiff to summary judgment on the letter alone. *See Bartlett*, 128 F.3d 497.

On the other hand, if a collection letter mentions only the *possibility* of suit without demanding immediate payment, then the plaintiff must introduce evidence beyond the letter in order to prevail on a § 1692g claim. *See Johnson*, 169 F.3d at 1059 (extrinsic evidence required where letter stated "[i]f you fail to make prompt payment we will have no alternative but to proceed with collection, which may include referring this account for legal action or reporting this delinquency to the credit bureau."); *Walker,* 200 F.3d at 502 (extrinsic evidence required

where letter stated "[y]our past-due account . . . has been placed with our company for immediate collection. Failure to respond may result in further collection activity and possible legal action."); *see also Whitten v. ARS National Services*, Inc., 2002 WL 1332001 at *5 (N.D. Ill. June 18, 2002) (summarizing cases in which plaintiff needed extrinsic evidence to prevail as cases in which "there was at least a chance that an unsophisticated consumer could figure out [his statutory rights] . . . *i.e.* the letter was only potentially confusing without further explanation.").

The letter at issue in this case states "[c]ollection proceedings will be instituted as soon as possible notwithstanding this notice" in a letter that also contains the validation notice. This Court finds that this language alone will not entitle the plaintiff to summary judgment. "Collection proceedings will be instituted as soon as possible" is not a demand for payment within 30 days. Therefore, it is not "entirely inconsistent" with the validation notice, and it is not "clear" on the face of the letter that the presence of the statement in the letter containing the validation notice is confusing to the unsophisticated consumer. *See Durkin*, 406 F.3d at 415; *Johnson*, 169 F.3d at 1059. No specific, less-than-thirty-day deadline for action is given; thus it is possible that the unsophisticated consumer would understand her rights after reading Alliance's letter. *See Johnson*, 169 F.3d at 1059. Also, the letter does not "plainly reveal that it would confuse a significant portion of the population." *See id.* The letter *might* confuse the unsophisticated consumer; but because it is not clear or plain that the letter *would* have such an effect, Omaraie cannot prevail without extrinsic evidence. *See Durkin*, 406 F.3d at 415.

Unlike in *Bartlett,* the language in the letter sent by Alliance does not mention that legal action *would* be taken unless the plaintiff took action within a timeframe that was irreconcilable with the Validation Period. Far from threatening suit within ten days, Alliance's letter does not even explicitly mention suit. Because the letter does not explicitly mention even the possibility

of legal action, the Alliance collection letter is less problematic than the letters in *Walker* and *Johnson* (which both mentioned the possibility of suit). Because those cases involving letters that explicitly mentioned the possibility of suit required extrinsic evidence to prove consumer confusion, a plaintiff in a case involving a letter that does not even explicitly mention legal action needs extrinsic evidence in order to prevail.

Thus, Alliance's letter is not so plainly confusing that Omaraie can prove his § 1692g claim using the letter alone. Plaintiff's burden, then, is to present objective evidence of consumer confusion, such as consumer survey data or expert witness testimony. *See Taylor*, 365 F.3d at 575. To survive summary judgment, the non-moving party must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Here, plaintiff has failed to introduce either consumer survey data or expert witness testimony. Because Omaraie has not come forward with such objective evidence of consumer confusion to support his claim of a § 1692g violation, there is no genuine issue of material fact for trial. Alliance is thus entitled to summary judgment as to liability on the issue of whether the letter violated § 1692g.

**B.      The Alleged Section 1692e Violation**

Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. Omaraie claims that the statement in Alliance's collection letter, "**Please be advised that this office claims a lien for fees plus costs related to this matter**," (boldface in original) is "false and/or misleading." Alliance disagrees.

As stated above, this Circuit evaluates whether a collection letter violates the FDCPA from the standpoint of the "unsophisticated consumer." *See Durkin v. Equifax Check Services,*

*Inc.*, 406 F.3d 410, 414 (7th Cir. 2005). Thus, "[t]o demonstrate that the settlement letters violate the FDCPA, [a plaintiff] must show that they are misleading to the 'unsophisticated consumer or debtor.'" *Jackson v. National Action Financial Services, Inc.*, 441 F.Supp.2d 877, 879-80 (N.D.Ill. 2006); *see also Gammon v. GC Services Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994). If a letter is not false or misleading on its face, a plaintiff who desires to show that a letter is misleading must use extrinsic evidence, such as consumer survey data or expert witness testimony. *See Durkin*, 406 F.3d at 415; *Pettit v. Retrieval Masters Creditors Bureau, Inc.,* 211 F.3d 1057, 1061-62 (7th Cir. 2000).

The Court concludes that the unsophisticated consumer could reasonably interpret "[p]lease be advised that this office claims a lien for fees plus costs related to this matter" in at least two ways. First, the unsophisticated consumer could interpret that statement to mean that the collection agency claims a lien against him or her. Under this interpretation, the statement could be misleading, because, in fact, the lien is against Stelk, not the debtor/letter recipient.

A second reasonable interpretation is that the lien is against Stelk. Why might the collection agency want to inform the recipient that it claims a lien against Stelk? It might want to make the recipient aware that it has a stake in the resolution of the debt. The collection agency might want to encourage the letter recipient to resolve the debt with the *agency* rather than going directly to the creditor.

Because there is at least one reasonable interpretation of "[p]lease be advised that this office claims a lien for fees plus costs related to this matter" that is not false or misleading, this Court cannot conclude that the statement is misleading as a matter of law. Thus, in order to prevail, the plaintiff would need to put forth evidence beyond the letter in order to show that the unsophisticated consumer would be misled by the statement. *See Durkin*, 406 F.3d at 415.

Plaintiff has failed to support his claim of a § 1692e violation by introducing objective evidence (i.e. consumer surveys or expert witness testimony) that the statement at issue is false or misleading to the unsophisticated consumer. To survive summary judgment, the non-moving party must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Thus, there is no genuine issue of material fact for trial, and Alliance is entitled to judgment as a matter of law on plaintiff's § 1692e claim. The Court grants defendant's motion for summary judgment.

## IV.    Conclusion

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment, and the Court grants defendant's motion for summary judgment.

ENTER:

George M. Marovich
United States District Judge

DATED: August 21, 2007